IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE OWEN,

        Plaintiff,                  No. 2:11-cv-3321 EFB P

    vs.

A. CASAURANG, et al.,

        Defendants.        ORDER

        Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

**I.**    **Request to Proceed In Forma Pauperis**

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

### III. Screening Order

The court has reviewed plaintiff's December 14, 2011 complaint pursuant to § 1915A and finds that it does not state a cognizable claim and must be dismissed without leave to amend. Plaintiff alleges that on May 25, 2011, he appeared before defendants Casaurang, Hagan, and Blankenship for a classification committee hearing. He claims that the defendants incorrectly decided that an "administrative determinant" for violence, as described in the California Code of Regulations, should be placed in plaintiff's central file. *See* Cal. Code Regs. tit. 15, § 3375.2(25).[1] Plaintiff alleges that he explained to the committee member defendants that their decision was incorrect, but that defendants told him that the administrative determinant for violence would stay in place. As a result, plaintiff claims he is prevented from accessing and receiving the benefits of the fire camp program at the California Correctional Center. As discussed below, the allegations are insufficient to state a claim upon which relief may be granted.

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

---

[1] Section 3375.2(a)(25) provides as follows:

> (a) An inmate meeting one or more of the following administrative or irregular placement conditions, known as administrative determinants, may be housed in a facility with a security level which is not consistent with the inmate's placement score:
>
> * * *
>
> (25) VIO. Inmate has a current or prior conviction for a violent felony, or a sustained juvenile adjudication including, but not limited to, those listed under Penal Code section 667.5(c), which, as determined by the CSR, requires placement in a facility with a higher security level than that indicated by his/her placement score.

3

No federal due process right is implicated by a prison's classification decisions. *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) ("Transfers between institutions, for example, are made for a variety of reasons and often involve no more than informed predictions as to what would best serve institutional security or the safety and welfare of the inmate."); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (state actions that adversely affect a prisoner's prison classification or qualification for institutional programs, do not automatically activate a due process right); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (prisoner has no constitutional right to a particular classification or to eligibility for rehabilitative programs). Nor does the Due Process Clause create a property or liberty interest in prison employment, *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004), or in participating in a work program, *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986).

Additionally, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). But state regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Under *Sandin*, a liberty interest may exist where the conditions impose an "atypical and significant hardship in the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

Here, the complaint does not allege facts showing that defendants' actions, or the results thereof, resulted in a dramatic departure from the basic conditions of his sentence. *See Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007) (protected liberty interest arises where conditions present an atypical and significant hardship or invariably affect the duration of an inmate's sentence); *see also Fernandez v. Curry*, No. C 11-1006 SI (pr), 2011 U.S. Dist. LEXIS 65031, at *5-6 (N.D. Cal. June 19, 2011) ("Although California has created a regulatory scheme from which a protected liberty interest in classification and custody designation might arise, the liberty in question is not protected by the Due Process Clause because the deprivation of a

correct classification or custody designation cannot be characterized as one of 'real substance,' i.e., it does not impose 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,' *Sandin*, 515 U.S. at 484, or 'inevitably affect the duration of [a] sentence,' *id.* at 487.").

Moreover, the complaint alleges that plaintiff was provided with a hearing and opportunity to be heard. Thus, even if a protected interest was at stake, plaintiff was not denied the attendant procedural protections of the Due Process Clause. *See Wilkinson*, 545 U.S. at 228-29 (notice and opportunity to be heard in informal, nonadversarial procedures, such as those involving decisions to transfer an inmate to administrative segregation, are adequate procedural safeguards).

Accordingly, the complaint fails to state a claim upon which relief may be granted and leave to amend will not be granted because it would be futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that the complaint is dismissed without leave to amend for failure to state a claim upon which relief may be granted, and the Clerk is directed to close this case.

DATED: June 7, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5